UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES, | : |
| | :     No. 3:18-CR-216-VLB |
| v. | : |
| | :     June 25, 2020 |
| LUIS QUINTANA | : |
| Defendant. | : |

## RECONSIDERATION OF RULING AND ORDER ON MOTION FOR RELEASE
### [ECF NO. 81]

In light of new information it has received, the Court *sua sponte* reconsiders its order on Mr. Quintana's motion for release, and grants his motion. *See* D. Conn. L. Crim. R. 1(c) (incorporating D. Conn. L. Civ. R. 7(c)'s standard for reconsideration for criminal proceedings); *N.A.A.C.P. v. Acusport Corp.*, 216 F. Supp. 2d 59, 61 (E.D.N.Y. 2002) (citing Fed. R. Civ. P. 60(b))("The court may act sua sponte and reconsider its own orders."). The Court assumes the parties' familiarity with its earlier order denying release, and does not re-state the background or law governing this case.

The Court has received information from the Bureau of Prisons that the Bureau of Prisons has continued to release inmates to halfway houses throughout the pandemic. In light of this new information, the Court re-considers Mr. Quintana's argument that he should be released to a halfway house or home confinement in order to "fulfill[] what the parties and the Court would have reasonably anticipated Mr. Quintana's sentence to mean at the time of his sentencing." [ECF No. 81 at 6]. The Court finds that this new information addresses its concerns regarding whether the Bureau of Prisons could consider

Mr. Quintana for home or community confinement and whether he would "likely" be at a half-way house if not for his unusual status.  In addition, the Court finds that, since Mr. Quintana is not in BOP custody and therefore cannot be released to a BOP halfway house, his proposed release plan of home confinement is a suitable transition alternative.

As to the § 3553(a) factors, the Court finds that, in light of the new information from the Bureau of Prisons confirming the regular use of halfway houses, reducing Mr. Quintana's sentence would conform to the sentence he would realistically receive were he in BOP custody, and therefore release to home confinement conforms with the Court's sentencing goals.

Finally, as to Mr. Quintana's danger to the community, the Court is persuaded by the Bureau of Prison's practice of releasing inmates to halfway houses that his danger to the community is mitigated by a smooth and gradual transition to unrestrained liberty.  While Mr. Quintana will not be released into a halfway house, his release plan, which the Court will endorse, is a reasonable facsimile thereof.

### Conclusion and Order

Therefore, on reconsideration, the Court grants Mr. Quintana's motion for compassionate release. Pursuant to 18 U.S.C. § 3582(c) and 18 U.S.C. § 3563(d)(19), the Court modifies Mr. Quintana's term of incarceration to time served, and modifies the conditions of his supervised release in accordance with

**Mr. Quintana's release plan proposed at ECF No. 87, and as agreed to be the government and Probation Office:**

1. **Mr. Quintana's period of supervised release is increased from three years to three years and two months.**

2. **Upon Mr. Quintana's release from Wyatt's custody, his mother, Ms. Daisy Gomez, will pick up her son and transport him to her home, and Mr. Quintana will commence his term of supervised release.**

3. **Following his release, Mr. Quintana will self-quarantine at his mother's home in Vernon, Connecticut for a 14-day period.**

4. **Following his 14-day self-quarantine, the defendant will remain under strict home confinement at his mother's home in lieu of incarceration until September 1, 2020. During this period of home confinement in lieu of incarceration, Mr. Quintana will abide by the following conditions:**
    a. The defendant will be required to submit to location monitoring;
    b. The defendant must abstain from any alcohol, or narcotic substances, unless prescribed by a licensed medical professional.
    c. The defendant will be allowed to leave his home only for medical emergency, or, with the prior approval of probation, for legal, medical, and religious purposes.
    d. The defendant must submit to random searches of his home by his probation officer during his home confinement.
    e. The defendant must contact an outpatient drug treatment center to schedule an appointment upon his discharge from the period of home confinement.

5. **Thereafter, Mr. Quintana will continue his term of supervised release under the conditions set by the Court in its original Judgment.**

**A formal amended judgment will follow.**

                                                **IT IS SO ORDERED.**

                                                _____/s/_____
                                                **Hon. Vanessa L. Bryant**
                                                **United States District Judge**

**Dated this day in Hartford, Connecticut: June 25, 2020**